Pearson, J.
 

 We think the. view taken of the ease, in the Court below, was wrong. As the goods were the individual effects of the plaintiffs, and were delivered by each in separate parcels, the regular way was for each to take a bond payable to himself, and, if no bond had been taken, they would have been compelled to bring separate actions; but the parties saw fit to cover the whole transaction by one bond, and there can be no
 
 good
 
 reason why an aetion may not be maintained upon it. The object of the evidence was to show what goods Bay-ley had received of the plaintiffs on that day, and for which it was intended the bond should be a security.
 

 If the plaintiffs had been partners and had jointly delivered a parcel of goods to Bayley, the bond would most fitly have applied to them, to the exclusion of individual goods separately delivered by each. But there was no copartnership, and the question is, whether the bond be wholly inoperative, as having no subject to apply to ; or whether it be applicable to goods separately delivered by the plaintiffs to Bayley on that day. Clearly it was the intention of the parties, that the bond should apply to these goods, as there are no others to fit' the description more nearly, and these goods fall under the general words of “a stock of goods to peddle with, received by Bayley of Charles G. Haughton and Joseph G. Godfrey, on the day the bond was given.”
 

 The non-suit must be set aside and a
 
 venire de novo
 
 issued.
 

 Per Curiam. Judgment accordingly.